UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRYSTAL REED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2944** |
| **JAMES ROGERS, WARDEN** | **SECTION "I"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Crystal Reed, is incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2] On July 20, 2006, Reed and a co-defendant, Johnnie Lee Cheek, were charged by a grand jury in St. John the Baptist Parish in a six-count indictment.[3] Reed was named in only three counts and charged as a principal to the first degree murder of Octavio Gonzalez, the attempted first degree murder of Monty Adams and the attempted first degree murder of Keith Womack.

Pursuant to a plea agreement, the State amended the indictment on July 13, 2009, to charge Reed with one count of armed robbery.[4] The state trial court received the following summary of the facts underlying the amended charges:

> Your Honor, on or about the 16th of June, 2006, the defendant participated in a series of events which resulted in the taking of the vehicle which belonged to the Sheriff of St. John the Baptist Parish and was in the possession of Detective Octavio Gonzalez, while armed with a dangerous weapon by use of force or intimidation.

State Record Volume 1 of 2, Plea Transcript, pages 6-7, July 13, 2009.

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 2, Indictment, 7/20/06.

[4]St. Rec. Vol. 1 of 2, Indictment, handwritten notation date 7/13/09; Plea Transcript, p. 3, 7/13/09.

Reed entered a guilty plea to the amended charge that same day.[5] After waiver of legal delays, the state trial court sentenced Reed to serve forty (40) years in prison without benefit of probation, parole or suspension of sentence, to run concurrently with any other sentence.[6]

Reed's conviction became final thirty (30) days later, on August 12, 2009, because she did not appeal or seek reconsideration of her sentence. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[7]).

Reed submitted an application for post-conviction relief to the state trial on July 8, 2010, asserting three (3) grounds:[8] (1) The evidence was insufficient to support a

---

[5] St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights and Plea of Guilty, 7/13/09; Plea Transcript, 7/13/09; St. Rec. Vol. 2 of 2, Plea Minutes, 7/13/09.

[6] St. Rec. Vol. 1 of 2, Plea Transcript, pp. 12-13, 7/13/09.

[7] The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period citing State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[8] St. Rec. Vol. 1 of 2, Application for Post-Conviction Relief, incomplete copy dated 7/8/10; Rec. Doc. No. 3, pp. 123-139 (unfiled copy attached to petition). The state trial court's judgment indicates that the application was actually filed in that court on July 10, 2010. St. Rec. Vol. 2 of 2, Trial Court

conviction for armed robbery. (2) The petitioner's Fourteenth Amendment rights were violated when the state trial court denied her request for free copies of the district attorney's file. (3) The cumulative effect of these two errors renders the conviction unconstitutional. Reed filed a supplement to the application on April 15, 2011, adding additional arguments in support of her first claim of insufficient evidence.

On August 26 and 31, 2011, the state trial court issued identical judgments denying Reed's application, indicating that Reed's guilty plea waived her right to contest any non-jurisdictional errors.[9] In addition, the court found that Reed's guilty plea was knowingly and voluntarily made with no discernable errors appearing in the record and that Reed did not provide any basis for her claim of cumulative error.

The Louisiana Fifth Circuit denied Reed's subsequent writ application on November 18, 2011, finding that it had nothing to review because Reed failed to assign any errors in the state trial court's ruling.[10] The court refused Reed's request for reconsideration by order issued March 5, 2012, because it was procedurally improper.[11]

---

Judgment, 8/26/11 (filed 8/29/11); Trial Court Judgment, 8/31/11 (filed 9/2/11, identical to the earlier judgment).

[9]St. Rec. Vol. 2 of 2, Trial Court Judgment, 8/26/11 (filed 8/29/11); Trial Court Judgment, 8/31/11 (filed 9/2/11, identical to the earlier judgment).

[10]St. Rec. Vol. 2 of 2, 5th Cir. Order, 11-KH-977, 11/18/11. The State did not provide the Court with a copy of the writ application. A unfiled copy of the application is attached to Reed's petition. Rec. Doc. No. 3, pp. 158-171.

[11]Rec. Doc. No. 3, pp. 182-83.

The Louisiana Supreme Court denied Reed's related writ application on September 21, 2012, without stated reasons.[12] The supreme court also denied Reed's request for reconsideration on November 2, 2012, without stated reasons.[13]

## II.    FEDERAL HABEAS PETITION

On January 28, 2013, the clerk of this court filed Reed's petition for federal habeas corpus relief in which she asserts four (4) claims:[14] (1) The evidence was insufficient to support a conviction. (2) Counsel provided ineffective assistance when he failed to provide petitioner with discovery, inform her that there were witnesses in her favor, scared and intimidated petitioner into entering the guilty plea when she was told that she would receive a life sentence because of the police officer's death and she was not clearly advised of her rights. (3) The cumulative effect of these errors shows prejudice, denial of due process and denial of a fair trial. (4) The sentence she received as a first offender was excessive under the circumstances of the case.

---

[12]State ex rel. Reed v. State, 98 So.3d 328 (La. 2012); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2012-KH-0827, 9/21/12; La. S. Ct. Letter, 2012-KH-827, 4/13/12 (showing postmark 4/9/12). A copy of the writ application has been separately filed into the record. Rec. Doc. No. 11-1, La. S. Ct. Writ Application, 12-KH-0827, 4/13/12 (dated 4/4/12, postmarked 4/9/12).

[13]State ex rel. Reed v. State, 99 So.3d 660 (La. 2012); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2012-KH-0827, 11/2/12. A copy of the application for reconsideration has been separately filed into the record. Rec. Doc. No. 11-2, La. S. Ct. Motion for Reconsideration, 12-KH-827, 10/4/12 (dated 10/1/12, postal metered 10/1/12).

[14]Rec. Doc. No. 3.

5

The State filed a memorandum in opposition to Reed's petition, arguing that it was not timely filed and that she failed to exhaust state court remedies as to two of her claims.[15] The State asserts that the petition should be dismissed as time-barred or, alternatively, as a mixed petition.

In her reply to the State's memorandum, Reed argues that her federal petition was timely filed, albeit relying on inapplicable federal law, and that her claims are exhausted, referring the court to her supplemental state application for post-conviction relief.[16]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[17] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore

---

[15]Rec. Doc. Nos. 9.

[16]Rec. Doc. No. 10.

[17]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to Reed's petition, which, for reasons discussed below, is deemed filed in this court on November 16, 2012.[18]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

Although the State argues that Reed's petition is not timely filed, I find that errors in the State's timeliness calculation render it untrustworthy, and the time-bar defense must be rejected. For example, the State failed to allow for the post-conviction review

---

[18]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court's records reflect that Reed first submitted an undated form petition to the court that was received on November 19, 2012, bearing a postmark of November 16, 2012. See Rec. Doc. No. 3, pp. 17, 185. Because it was not the correct form and Reed did not submit a filing fee or pauper application, the clerk notified her by letter to complete a correct form and pauper application. The completed forms were received by the clerk of court on December 12, 2012. See Rec. Doc. No. 3, pp. 1, 16, 186. Reed's petition was filed by the clerk of court on January 28, 2013, when the filing fee was paid after denial of pauper status. Affording Reed every benefit, the petition is considered filed on November 16, 2012, which is the earliest date appearing in the record on which she could have delivered her original pleadings to prison officials for mailing to the court. See Advisory Committee Notes foll. Rule 3 of the Rules Governing Section 2254 Cases. The fact that she paid the filing fee does not alter the application of the federal mailbox rule to her pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

period in calculating the finality date for Reed's conviction. The State also failed to apply the mailbox rule to Reed's state court and federal pleadings.

As to timeliness, the AEDPA requires a petitioner to bring her Section 2254 petition within one year of the date her conviction became final.[19] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Reed's conviction became final on August 12, 2009, which was (30) days after her conviction and sentence. Under a literal application of the statute, Reed had one year from that date, or until August 12, 2010, to file her federal habeas corpus petition, which she did not do. Her petition must be dismissed as untimely, <u>unless</u> the one-year statute of limitations period was interrupted or otherwise tolled as recognized by law.[20]

---

[19]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run <u>from</u> <u>the</u> <u>latest</u> <u>of</u>--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   <u>the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence</u>.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection (emphasis added).

[20]In light of my findings, it is not necessary to discuss equitable tolling.

The AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

9

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 & n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-

10

3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The AEDPA statute of limitations began to run for Reed on August 13, 2009, the day after her conviction was final. As outlined above, Reed submitted her state application for post-conviction relief on July 8, 2010, thus interrupting the AEDPA filing period after 329 days had passed. The application remained pending in the state courts until November 2, 2012, when the Louisiana Supreme Court denied Reed's related request for reconsideration.

At that time, Reed had 36 days remaining in the statute of limitations period, giving her until Monday, December 10, 2012,[21] to file her federal habeas corpus petition. As noted above, her petition is deemed filed in this court under the mailbox rule on November 16, 2012. Thus, I find that Reed's federal petition is timely filed, and the State's timeliness defense must be rejected.

---

[21]The thirty-sixth day was Saturday, December 8, 2013.

IV.     EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."

12

(emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted her claims in state court, Reed must have fairly presented the same claims and legal theories she urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given all appropriate state courts an opportunity to address each of her claims, either on direct appeal or in post-conviction proceedings through the Louisiana Supreme Court.[22] Reed did not do so as to all of the claims or arguments presented in her federal petition.

In this case, Reed asserts two (2) legal claims in this court that were never raised in the state courts. Specifically, Reed alleges that she received ineffective assistance of counsel and that her sentence is unconstitutionally excessive. The record does not reflect that Reed asserted either of these claims in any state court.

---

[22]The Louisiana rules of criminal procedure allow a defendant to appeal his conviction to the appropriate circuit appellate court and then seek review of that court's ruling in the Louisiana Supreme Court. La. Code Crim. P. arts. 912.1, 922; La. S. Ct. Rule X§5. The post-conviction process in Louisiana requires presentation of appropriate claims on the appropriate form in the state trial court. La. Code Crim. P. art. 925 et seq. Review of the trial court's ruling can be sought in the circuit appellate court and Louisiana Supreme Court by writ of review. La. Code Crim. P. art. 930.6; La. S. Ct. Rule X§5; La. App. Rule 4-1 et seq.

Reed also has failed to raise these errors in her arguments in support of the cumulative errors claim. The errors addressed in her state court pleadings in support of her cumulative errors claim were the alleged insufficiency of the evidence to support her conviction and the denial of her request for free documents. The cumulative errors claim in this case is at best only partially exhausted.

Accordingly, Reed has failed to exhaust state court remedies with regard to these claims. Thus, this case, which includes both exhausted and unexhausted claims, is a "mixed petition," and it is subject to dismissal for that reason. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420).

The record discloses no good cause for Reed's failure to exhaust these claims, and this court can find none. Rhines v. Weber, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion. Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). The Supreme Court has also provided, however, that, to avoid dismissal of a mixed petition, a petitioner like Reed can choose to amend her petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims. Pliler, 542 U.S. at 233. This choice is now available to Reed.

Having shown no good cause for her failure to exhaust, this petition should be dismissed without prejudice to require Reed to exhaust available state court remedies as

14

to all of her claims, unless she amends or resubmits this habeas petition to present only exhausted claims.  Id., 542 U.S. at 233; Whitehead, 157 F.3d at 387.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Reed's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this ___21st___ day of June, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.