UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRYSTAL REED**                                                     **CIVIL ACTION**

**VERSUS**                                                                      **NO. 12-2944**

**JAMES ROGERS, WARDEN**                                **SECTION "I"(2)**

## REPORT AND RECOMMENDATION

This is a federal habeas corpus petition that was originally referred to a United States Magistrate Judge to submit proposed findings and/or a report and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

The petitioner, Crystal Reed, is incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. Reed was originally charged by a grand jury in St. John the Baptist Parish in three counts of a six-count indictment as a principal to the first degree murder of one victim and the attempted first degree murders of two other victims. Pursuant to a plea agreement, Reed instead plead guilty to one count of armed robbery on July 13, 2009, and was sentenced that same day to forty (40) years in prison without benefit of probation, parole or suspension of sentence.

On June 21, 2013, after review of the entire record, I recommended that the instant petition for habeas corpus relief be dismissed without prejudice for failure to exhaust state court remedies. Record Doc. No. 12.

Specifically, my report noted that in this case Reed asserts two (2) legal claims that were <u>never</u> raised in the state courts. Those claims include Reed's allegations that she received ineffective assistance of counsel and that her sentence is unconstitutionally excessive. The record does not reflect that Reed asserted either of these claims in any state court before filing her federal petition. The Supreme Court has long required that a mixed petition like this one be dismissed without prejudice to allow for complete exhaustion. <u>Pliler v. Ford</u>, 542 U.S. 225, 233 (2004). However, my report also expressly provided petitioner with notice and an opportunity, pursuant to <u>Pliler</u>, to avoid dismissal of her mixed petition, by amending her petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims. <u>Pliler</u>, 542 U.S. at 233.

Reed did <u>not</u> file any objections to my report and recommendation within the 14-day period for filing objections provided in 28 U.S.C. § 636(b)(1) and as addressed in <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Instead, on the 20th day, she filed a "Motion to Stay Proceedings," in which she asks this court to stay this matter indefinitely so that she may "completely exhaust the unexhausted claims." Record Doc. No. 13 at p. 1. In her motion, Reed concedes that she asserted her two unexhausted claims for the first time in a writ application in the Louisiana Supreme Court without ever first submitting them to the state trial or appellate courts. <u>Id.</u> The only reasons she offers for her failure previously to exhaust are that she is proceeding pro se

and "is ignorant of the law." Id. She specifically states that "she does not wish to amend her petition in order to dismiss the [unexhausted] claims of ineffective assistance of counsel or excessive sentence." Id. at p. 2 (emphasis added). She asserts that she "is sending an amended application for post-conviction relief to the [state] trial court at this time to attempt to exhaust these claims or . . . gain relief . . . ." Id. (emphasis added).

After Reed's motion to stay was referred to me for report and recommendation, Record Doc. No. 14, I provided the State with an opportunity to file an opposition memorandum, Record Doc. No. 15, and it has done so. Record Doc. No. 16. Having considered the parties' written submissions, the record and the applicable law, **IT IS RECOMMENDED** that petitioner's motion to stay be denied.

In Pliler, 542 U.S. at 227, the United States Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" like Reed's containing both exhausted and unexhausted claims. Id. The Pliler court ultimately reiterated the long-standing directive that a mixed petition should be dismissed without prejudice to require exhaustion. Id. at 233. The Supreme Court recognized that a petitioner had two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. Id.

The Supreme Court later held that stay-and-abeyance was an <u>extraordinary</u> remedy, <u>not</u> to be made readily available to a habeas petitioner.  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).  The <u>Rhines</u> Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," and is appropriate <u>only</u> when the district court determines that there was "good cause" for the failure to exhaust.  <u>Id</u>. at 277 (emphasis added).  Stays are improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  <u>Id</u>.

In this case, as I previously found in my pending report and recommendation, Reed has not presented any good cause for her failure to exhaust those claims before proceeding in this court.  Reed clearly was aware of these claims, as she concedes, before filing this federal habeas petition.  She made no effort to pursue those claims in the lower state courts.  The record indicates that she was fully capable of doing so, since she filed numerous state court pleadings without counsel and pro se, and that she could have done so, if only she had exercised diligence.  Reed again has not presented anything to this court that would suggest good cause for her failure to exhaust the claims properly in state court.

In sum, a stay is not to be used routinely in lieu of a petitioner's diligent exhaustion of state court remedies.  The United States Supreme Court has stated that a stay to allow for completion of exhaustion must be restricted to "limited circumstances"

where good cause is shown for the failure to fully exhaust. <u>Rhines</u>, 544 U.S. at 278. Reed has failed to show any good cause for her failure to exhaust before filing in this court or any sound basis to issue a stay in this case. Her motion to stay should be denied.

Having shown no good cause for her failure to exhaust or to support her request for a stay, this petition should be dismissed without prejudice to require Reed to exhaust available state court remedies as to all of her claims.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Reed's motion to stay these proceedings be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

My previously issued report and recommendation to dismiss this matter with<u>out</u> prejudice, Record Doc. No. 12, remains pending, with <u>no</u> objections to it having been timely filed.

New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_ day of September, 2013.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE